14-345
*Pan v. Lynch*

BIA
Poczter, IJ
A087 972 148

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fifteen.

PRESENT:  CHESTER J. STRAUB,
              RICHARD C. WESLEY,
              DEBRA ANN LIVINGSTON,
                *Circuit Judges.*

_____

YU PAN,

      *Petitioner*,

      -v.-                                  14-345

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

      *Respondent*.

_____

FOR PETITIONER:                Meer M. M. Rahman, New York, NY.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Kevin J. Conway, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioner Yu Pan, a native and citizen of the People's Republic of China, seeks review of a January 3, 2014, decision of the BIA affirming a May 3, 2013, decision of an Immigration Judge ("IJ") denying Pan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Pan*, No. A087 972 148 (B.I.A. Jan. 3, 2014), *aff'g* No. A087 972 148 (Immig. Ct. N.Y. City May 3, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, "we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  "The 'substantial evidence' standard of review applies, and we uphold the IJ's factual findings if they are supported by 'reasonable, substantial and probative evidence in the record.'"  *Id.* (citation omitted) (quoting *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 116 (2d Cir. 2007)).  By contrast, we review "*de novo* questions of law and the BIA's application of law to undisputed fact." *Yanqin Weng*, 562 F.3d at 513 (alterations and citation omitted).  The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in the applicant's statements "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64, 164 n.2 (2d Cir. 2008) (per curiam).

Substantial evidence supports the IJ's adverse credibility determination. In finding the petitioner not credible, the IJ reasonably relied on Pan's demeanor, noting that he could not answer basic questions on cross-examination and became hostile when confronted with record inconsistencies.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Pan was unable to answer questions regarding his education and work history,

and was evasive when asked about how he obtained his travel documents.   In addition, he made hostile faces and pointed his finger in the government attorney's face when she questioned him about inconsistencies related to his work history.

The IJ also reasonably relied on inconsistencies in the record related to Pan's work history.   *See* 8 U.S.C. § 1158(b)(1)(B)(iii).   Pan repeatedly testified that he did not work during a certain time period in China.   When confronted with his statement in his asylum application that he had worked during that time, he changed his testimony to state that he had worked for just four months during the relevant period and that he had not otherwise worked in China.   That testimony was not only inconsistent with his earlier testimony, but also inconsistent with his application, in which he claimed to have worked for one year during the time in question and for four years total.   Pan did not provide a compelling explanation for these inconsistencies.   *See Majidi*, 430 F.3d at 80.

Although the IJ mischaracterized the evidence in identifying two additional discrepancies in Pan's statements (related to whether he resided in Shandong Province and whether he reported to police after his release from detention), remand to correct those errors would be futile.   *See Xiao Ji Chen v. U.S. Dep't of*

4

*Justice*, 471 F.3d 315, 339 (2d Cir. 2006). The IJ's findings as to Pan's demeanor, as well as the error-free inconsistency findings, constitute substantial evidence to support her adverse credibility determination, which was dispositive of asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 165–7; *Paul v. Gonzales*, 444 F.3d 148, 156–7 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk